# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| **CLARK AND LELAND CONDOMINIUM, LLC,** | ) Case No. 10-53275 |
| an Illinois limited liability company, | ) |
| | ) |
| Debtor. | ) Hon. Eugene R. Wedoff |
| | ) |
| | ) Date: December 15, 2010 |
| | ) Time: 9:30 a.m. |

## NOTICE OF MOTION

To: See attached Service List

PLEASE TAKE NOTICE that on **Wednesday, December 15, 2010 at 9:30 a.m.** or as soon thereafter as counsel may be heard, we will appear before United States Bankruptcy Judge Eugene R. Wedoff, or any other judge sitting in his stead, in Courtroom 744 of the Dirksen Federal Building, 219 S. Dearborn St., Chicago, Illinois, on the attached **DEBTOR'S MOTION (A) FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION AND (B) TO SCHEDULE A FINAL HEARING**, at which time and place you may appear as you see fit.

                                                                       CLARK AND LELAND CONDOMINIUM, LLC
                                                                       Debtor and Debtor in Possession

                                                                       By: /s/ Michelle G. Novick_____
                                                                           One of Its Proposed Attorneys

Konstantinos Armiros, Esq. (#00664000)
Michelle G. Novick , Esq. (#06207045)
Kevin H. Morse, Esq. (#06297244)
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
Tel: (312) 876-7100
Fax: (312) 876-0288

## CERTIFICATE OF SERVICE

I, Michelle G. Novick, an attorney, certify that I caused a copy of the Notice of Motion and Motion to be served on the parties listed on the attached service list by regular mail and by the Court's ECF System to those entities entitled to electronic service, on December 8, 2010.

                                                      By: /s/ Michelle G. Novick
                                                         One of Its Proposed Attorneys

9337830.1

## Service List
### In Clark and Leland Condominium, LLC
### Case No. 10 B 53275

Clark and Leland Condominium, LLC
4642 N. Clark Street
Chicago, IL 60640

Northside Community Bank
c/o Jamie L. Ross
Kalcheim Haber LLP
134 N. LaSalle St, Suite 2100
Chicago, IL 60602

Northside Community Bank
c/o Joel A. Schechter
Law Offices of Joel A. Schechter
53 W. Jackson Blvd, Suite 1522
Chicago, IL 60604

William T. Neary
Office of the U.S. Trustee—Region 11
219 S. Dearborn St., Room 873
Chicago, IL 60604

Slurry Systems, Inc.
6515 E. Melton Road
Gary, IN 46403
Ms. Dana Wesolek

Victoria Granite Works, Inc.
5045 W. Ogden Ave.
Cicero, IL 60804

Professional Associated Survey
7100 N Tripp Avenue
Lincolnwood, IL 60712

Peoples Gas
130 East Randolph Drive
Chicago, IL 60601

Heilingoetter & Associates
Suite Three
Parkway Towers
4777 North Harlem Avenue
Harwood Heights, IL 60706

Americollect, Inc.
P.O. Box 1566
Manitowoc, WI 54221

AT&T
Bankruptcy Dept.
P.O. Box 769
Arlington, TX 76004

Carlson's Elevator Services, Inc.
2468 Wisconsin Ave.
Downers Grove, IL 60515

City of Chicago Department of Revenue
Water Dept.
PO Box 6330
Chicago, IL 60680

ComEd – Customer Care Center
Attn: Revenue Management Dept.
2100 Swift Drive Oak Brook, IL 60523

GE Appliances
307 N. Hurtsbourne Pkwy
Louisville, KY 40222

Greater New York Mutual Insurance Company
200 Madison Ave.
New York, NY 10016

Lake Shore Waste Services, LLC
6132 Oakton Street Morton
Grove, IL 60053

Leahy, Eisenberg & Fraenkel, Ltd.
33 W. Monroe Street, Suite 1100
Chicago, IL 60603

Sang Jin Lee
YS Apparel
4625 N. Clark Street
Chicago, IL 60640

Sue J. Hyung
1247 Milwaukee Ave.
Suite 304
Glenview, IL 60025

Jose Sanchez
4744 West Wellington Ave.
6th Floor
East Chicago, IL 60641

Illinois Dept. of Employment Security
Benefit Payment Control Division
P.O. Box 4385
Chicago, IL 60680

Illinois Dept. of Revenue
Bankruptcy Section
Level 7-425
100 W. Randolph St.
Chicago, IL 60101

Dept. of Treasury—IRS
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA 19114

D. Patrick Mullarkey
Tax Division (DOJ)
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044

United States Attorney
219 South Dearborn Street
Chicago, IL 60604

Internal Revenue Service
Mail Stop 5010 CHI
230 S. Dearborn Street
Chicago, IL 60604

John A. Benson
Ben Shapiro
Belongia, Shapiro and Franklin LLP
20 South Clark Street, Suite 300
Chicago, IL 60603

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| **CLARK AND LELAND CONDOMINIUM, LLC,** an Illinois limited liability company, | ) Case No. 10-53275 ) ) |
| | ) |
| Debtor. | ) Hon. Eugene R. Wedoff |
| | ) |
| | ) Date: December 15, 2010 |
| | ) Time: 9:30 a.m. |

**DEBTOR'S MOTION (A) FOR ENTRY OF INTERIM AND
FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL AND GRANTING
ADEQUATE PROTECTION AND (B) TO SCHEDULE A FINAL HEARING**

Clark and Leland Condominium, LLC, debtor and debtor in possession ("Debtor"), by its proposed attorneys, files this motion (the "Motion") for the entry of an interim order authorizing the Debtor to use cash collateral and granting adequate protection, scheduling a final hearing on the Motion, and for the entry of a final order, upon further notice and hearing, authorizing the Debtor to use cash collateral and granting adequate protection. In support of this Motion, the Debtor states as follows:

**I.      Summary Statement**

1.      By this Motion, the Debtor seeks authority to use cash collateral in which the Debtor's pre-petition lender (the "Lender") may have an interest and to grant adequate protection for such use. The Debtor intends to reorganize its debts and file a plan of reorganization within ninety (90) days of the Petition Date (as defined below). It is critical for the Debtor to use such cash collateral to maintain its ongoing postpetition business operations and to administer this chapter 11 case until a plan of reorganization is confirmed. Absent the use of cash collateral, the Debtor will be forced to cease its business operations, in which case its assets and its bankruptcy estate will be irreparably harmed to the detriment of the Debtor's creditors.

2. The Debtor proposes to use cash collateral on an interim basis for a period of approximately 30 days pursuant to the Interim Cash Collateral Order attached to this Motion and the budget (the "Budget") attached as Exhibit 1 to the Interim Cash Collateral Order, allowing the Debtor to exceed any individual line item as long as the total does not exceed 110% of the total Budget. The Debtor requests that the Court schedule a final hearing on the Motion no earlier than 30 days following the date the Court enters an Interim Cash Collateral Order. The Debtor proposes to provide adequate protection to the Lender of its interest in cash collateral by granting replacement liens on the Debtor's post-petition assets to the same extent, validity and priority as their pre-petition liens. The use of cash collateral also serves to protect any interest the Lender has in the Debtor's assets by preserving the going concern value. None of the provisions identified in Local Rule 4001-2(A)(2)(a) through (j) are contained in the Interim Cash Collateral Order.

3. The Debtor proposes that its right to use the cash collateral shall expire on the earliest to occur of: (a) the ninetieth (90th) day after the Petition Date (defined below) ; (b) the conversion of the Debtor's bankruptcy case to a case under chapter 7 of the Bankruptcy Code; or (c) the appointment of a trustee. Upon such event, the Debtor will cease using any of the cash collateral; provided however, that the Debtor reserves the right to seek Court authorization to extend such deadlines or continue to use such cash collateral.

## II. Jurisdiction

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

5. The predicate for the relief requested herein are sections 361 and 363 of the Bankruptcy Code, Rules 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure,

and Rule 4001-2 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois.

### III.    Background

6.    On November 30, 2010 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing this case (the "Chapter 11 Case").

7.    Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate its business and manage its financial affairs as a debtor in possession. No trustee, examiner or committee has been appointed in this Chapter 11 Case.

8.    The Debtor filed the Chapter 11 Case through counsel, John A. Benson, Jr. of the law firm of Belongia, Shapiro & Franklin, LLP. Shortly after the filing of the Chapter 11 Case, the Debtor requested a substitution of attorneys and hired Michelle Novick, Barry Chatz, Dino Armiros, Miriam Stein, Kevin Morse and the law firm of Arnstein & Lehr LLP. The Debtor is filing a Motion to Substitute Counsel simultaneously with the filing of this Motion.

9.    The Debtor is an Illinois limited liability company, which developed a multi-use building located at 4651 N. Greenview in Chicago, Illinois 60640 (the "Property"). Initially, in 2006, the Property was developed for the sale of condominium units with commercial space and a parking garage on the lower level; however, with the downturn in the real estate market in 2008, the Debtor changed the focus of the development from condominium units to rental units. The Property was a new construction and no declaration of condominium has been recorded. Presently, the Debtor has rented 97% of the residential units and 40% of the commercial units.

10.    Prior to the commencement of the Chapter 11 Case and in connection with the construction of the Property, the Debtor, as borrower, entered into a Construction Loan Agreement (the "Loan Agreement") and Promissory Note ("Promissory Note") dated as of July

14, 2006 with Northside Community Bank, as lender (the "Lender"), in the principal amount of $11,752,336.00 (the "Loan").  Thereafter, the Debtor and the Lender entered into a First Modification Agreement dated as of July 14, 2008, a Second Modification Agreement dated as of December 14, 2008 and a Third Modification Agreement dated as of December 14, 2009, that extended the maturity date of the Loan to December 14, 2010.

11. To secure repayment of the Loan, the Debtor entered into a Construction Mortgage (the "Mortgage") and Assignment of Rents ("Assignment") with Lender dated as of July 14, 2006.  The Mortgage and Assignment granted the Lender a security interest in the Property, rents received from the Property and personal property.  The Loan Agreement together with the Promissory Note, Mortgage, Assignment and any and all other documents between the Debtor and Lender shall be referred to collectively hereafter as the "Loan Documents."

12. Due to a non-monetary default, the Lender, on October 26, 2010, commenced foreclosure proceedings in the Circuit Court of Cook County (Chancery Division) and requested the appointment of a receiver.  In order to maintain the underlying value of the Property for the creditors and for the continued viability of the Debtor, the Debtor sought protection under Chapter 11 of the Bankruptcy Code prior to a receiver taking possession of the Property.

13. With the benefit of the automatic stay, the Debtor's current revenues, from rents received, will allow the Debtor to continue making payments to creditors and maintain positive operation of the Property.  A copy of a rent roll reflecting monthly rental income is attached as Exhibit 2.

## IV. Relief Requested

14. By this Motion, the Debtor seeks: (a) the immediate entry of the Interim Cash Collateral Order attached hereto authorizing the Debtor to use cash collateral under the terms described below and in accordance with the Budget attached to the order as Exhibit 1, and to

provide adequate protection, (b) the scheduling of a final hearing on the Motion, no earlier than 30 days from the entry of the Interim Cash Collateral Order, and (c) the entry of a final order, after further notice and hearing, authorizing the Debtor to use cash collateral and provide adequate protection.

### V.     Basis For Relief

15.     Section 363(a) of the Bankruptcy Code defines cash collateral as, *inter alia*, "cash, …, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, profits, offspring, rents or profits of property."  11 U.S.C. § 363(a).

16.     The Debtor's cash on hand and the rents collected by the Debtor in the Debtor's continued operation of the Property constitute cash collateral (the "Cash Collateral").

17.     Under section 363 of the Bankruptcy Code, a debtor in possession may use property of the estate in the ordinary course of business.  Section 363(c)(2) of the Bankruptcy Code, however, restricts a debtor in possession's ability to use cash collateral and provides, in pertinent part:

> The trustee [or debtor in possession] may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless –
> (A)     each entity that has an interest in such cash collateral consents; or
> (B)     the court, after notice and a hearing, authorizes the such use, sale, or lease in accordance with the provisions of this section.

11 U.S.C. § 363(c)(2).

18.     A need exists for the Debtor to use the Cash Collateral in order to maintain its business operations and to administer this Chapter 11 Case.  The Debtor requires cash collateral for the payment of, *inter alia*, operating expenses, utilities, maintenance and other expenses necessary to preserve its assets and continue its operations.

19. If this Motion is not considered on an expedited basis, and if the Debtor is denied the ability to immediately use the Cash Collateral, there will be a direct and immediate material and adverse impact on the continuing operation of the Debtor's business and on the value of its assets. In order to achieve a successful result in this Chapter 11 Case, the Debtor must use the Cash Collateral in its ordinary business operations. The Debtor's inability to pay its ordinary business expenses will require it to discontinue normal operations which will result in irreparable injury to the Debtor, its tenants and its creditors.

20. The terms for the use of the Cash Collateral, as detailed below in subsection A, are fair and reasonable, and the proposed adequate protection, detailed in subsection B, will preserve the value of the prepetition collateral.

**A.   Terms of Use of Cash Collateral**

21. Pursuant to the Interim Cash Collateral Order, the Debtor shall be authorized to use Cash Collateral in the amounts and for the purposes set forth on the Budget to the proposed Interim Cash Collateral Order, to pay operating expenses, including for the Debtor's maintenance, postpetition vendors, insurance, and taxes, allowing the Debtor to exceed any individual line item as long as the total does not exceed 110% of the Budget.

22. The Debtor's authority to use Cash Collateral will terminate on the earlier of: (a) the termination date set forth in the Interim Order; (b) the conversion of this Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code; or (c) the appointment of a trustee.

**B.   Adequate Protection**

23. Section 363(e) of the Bankruptcy Code provides that, upon request of an entity that has an interest in property to be used by a debtor, the Court "shall prohibit or condition such use . . . as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e).

24. Adequate protection can be provided through a number of different methods. Section 361 of the Bankruptcy Code provides that adequate protection may be provided by, *inter alia,* "providing to [an] entity an additional or replacement lien to the extent that [the debtor in possession's use of the property] . . . results in a decrease in the value of [the] entity's interest in such property." 11 U.S.C. §§ 361(2).

25. "It is now established that 'adequate protection' is meant only to assure that a secured creditor does not suffer a decline in the value of its interest in the estate's property". *In re Addition Props. Ltd. P'ship.*, 185 B.R. 766, 769 (Bankr. N.D.Ill. 1995). What constitutes adequate protection is determined on a case-by-case basis. See *MBank Dallas, N.A. v. O'Connor (In re O'Connor)*, 808 F.2d 1393, 1396-97 (10th Cir. 1987); *In re Martin, 761 F.2d 472* (8th Cir. 1985). Simply stated, adequate protection is necessary only to the extent the use of the creditor's collateral will result in a decrease in "the value of such entity's interest in such property." 11 U.S.C. §§ 361, 363(e); *See United Savings Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 370-73 (1988) (the "interest in property" entitled to protection is "the value of the collateral" securing the claim).

26. As adequate protection for the interest of the Lender in the Cash Collateral, the Debtor proposes that the Lender be granted replacement liens in the Debtor's post-petition assets, including in all cash received post-petition, to the same extent, validity and priority as their pre-petition liens. The Lender, in its Motion to Modify the Automatic Stay, has admitted that the Property is "under water" and, therefore, interest should not be included as adequate protection.

27. The Debtor believes that the adequate protection described above is reasonable and sufficient to protect the interests of the Lender. As shown in the exhibits attached hereto, in addition to the replacement liens, the Debtor's current operations sufficiently cover the necessary

expenses set forth in the Budget. The Debtor believes that granting the foregoing adequate protection, as a condition to using the Cash Collateral, is in the best interest of its estate.

### VI.  Shortened Notice and Interim Approval

28.  Bankruptcy Rule 4001(b) governs the procedures for the use of cash collateral, and provides, in relevant part:

> The court may commence a final hearing on a motion for authorization to use cash collateral no earlier than 15 days after service of the motion. If the motion so requests, the court may conduct a preliminary hearing before such 15 day period expires, but the court may authorize the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

29.  Accordingly, the Court is empowered to conduct a preliminary expedited hearing on the Motion and authorize the interim use of the Cash Collateral to the extent necessary to avoid immediate and irreparable harm to the Debtor's estate. The Debtor seeks entry of the Interim Cash Collateral Order to avoid immediate and irreparable harm to its estate, its tenants, its assets and its creditors. This relief will enable the Debtor to operate its business in the ordinary course and to pay necessary expenses and avoid immediate and irreparable harm to its estate pending a final hearing on the Motion. Pursuant to Bankruptcy Rule 4001 and Local Rule 4001-2, the Court is authorized to grant the relief requested by this Motion.

### VII.  Compliance with Bankruptcy Rule 4001 and Local Rule 4001-2

30.  Local Rule 4001-2 requires the Debtor to highlight certain provisions contained in the Interim Cash Collateral Order, identify the location of any such provision in such order, and state the justification for the inclusion of such provision. *See* Local Rule 4001-2(A)(2). None of the provisions contained in Local Rule 4001-2(A)(a) through (j) are included in the Interim Cash Collateral Order attached hereto.

31. Bankruptcy Rule 4001(b) provides that if a cash collateral motion exceeds five pages, it must begin with a concise statement of the relief requested, which summarizes and identifies the location of certain material provisions in the applicable documents. *See* Bankruptcy Rule 4001(b)(1)(B). Local Rule 4001-2 also requires that all cash collateral motions provide a summary of all provisions that must be highlighted under Local Rule 4001-2(A)(2) and a summary of the essential terms of the proposed usage of cash collateral. *See* Local Rule 4001-2(A)(3). The Debtor has complied with both Bankruptcy Rule 4001(b) and Local Rule 4001-2(A)(3) by providing the Summary Statement at the beginning of this Motion.

32. Finally, Local Rule 4001-2 provides that all cash collateral motions must provide a budget covering the time period in which the order shall remain in effect. *See* Local Rule 4001-2(A)(4). In satisfaction of such requirement, the Budget is attached to the Interim Cash Collateral Order as Exhibit 1.

### VIII.  Notice

33. Notice of this Motion has been given to: (a) the United States Trustee; (b) Lender; (c) the Debtor's 20 largest unsecured creditors; and (d) any party that has filed an appearance or a request for notice in the Chapter 11 Case. The Debtor submits that such notice is sufficient for the entry of the Interim Order.

34. The Debtor further requests that the Court schedule a final hearing on the Motion and authorize the Debtor to serve a copy of the signed Interim Cash Collateral Order, which fixes the time and date for the final hearing and a deadline for the filing of any objections, by first-class mail upon: (a) the United States Trustee; (b) the Lender; (c) the Debtor's 20 largest unsecured creditors; and (d) any party who filed a request for notices in the Chapter 11 Case prior to the date of service of the Interim Cash Collateral Order. The Debtor requests that the

Court find such notice of the final hearing to be sufficient notice under Bankruptcy Rule 4001 and Local Rule 4001-2.

WHEREFORE, the Debtor respectfully requests that the Court: (a) authorize the Debtor's use of Cash Collateral and grant of adequate protection to the Lender pursuant to the terms of the proposed Interim Cash Collateral Order; (b) schedule a final hearing on the Motion, (c) enter a Final Cash Collateral Order, after further notice and hearing, and (d) grant such other and further relief as is just and proper.

        Respectfully submitted,
        CLARK AND LELAND CONDOMINIUM, LLC, debtor and debtor in possession

        By:  /s/  Michelle G. Novick
            One of its Proposed Attorneys

Konstantinos Armiros (00664000)
Michelle G. Novick (06207045)
Kevin H. Morse (06297244)
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
Tel: 312-876-7100
Fax: 312-876-0288

9337830.1